| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, COLORADO<br>1100 Judicial Center Drive, Brighton, CO 80601<br><br>**Plaintiff:** GABRIEL ARMIJO<br><br>v.<br><br>**Defendants:** THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ADAMS;<br>ADAMS COUNTY, a governmental entity;<br>ADAMS COUNTY SHERIFF'S OFFICE, a governmental entity;<br>SHERIFF RICHARD REIGENBORN, individually and in his official capacity;<br>NICHOLE DURANTE, individually and in her official capacity;<br>ROBERT HANNAH, individually and in his official capacity;<br>MATTHEW TRAN, individually and in his official capacity; and<br>DOES 1-3, (whose true names are unknown) individually and in their official capacities.<br><br>Attorney for Plaintiff:<br>Vernon L. Ready<br>READY LAW<br>9200 E Mineral Avenue, Suite 100<br>Centennial, CO 80237<br>Phone: (303) 339-8846<br>Atty Reg No: 41153<br>Email: vready@ready-law.com | DATE FILED: June 21, 2022 10:41 AM<br>FILING ID: FC85A42D8E01D<br>CASE NUMBER: 2022CV30770<br><br>▲ COURT USE ONLY ▲<br><br>2022 CV _____<br>Div. _____ |
| **COMPLAINT AND JURY DEMAND** | |

**COMES NOW** Plaintiff Gabriel Armijo, ("Plaintiff"), by and through his attorney, Vernon L. Ready, and for his Complaint against Defendants The Board of County Commissioners of Adams County, Adams County, Adams County Sheriff's Office, Sheriff Richard Reigenborn, Nichole Durante, Robert Hannah, Mathew Tran, and Does 1-3 (collectively "Defendants"), hereby states and alleges as follows:

1

**PARTIES**

1. At all times material hereto, Plaintiff has resided at 6641 King Street, Denver CO 80221.

2. At all times relevant, Defendant The Board of County Commissioners of the County of Adams is a governmental entity whose current address is 4430 S. Adams County Pkwy., 5 th Floor, Suite C5000A, Brighton, CO 80601 and whose designated agent is Heidi Miller, County Attorney, 4430 S. Adams County Pkwy., Ste. C5000B, Brighton, CO 80601.

3. At all times material hereto, Defendant Adams County was a Colorado County whose office is located at 4430 South Adams County Parkway, Brighton, CO 80601 and whose designated agent is Heidi Miller, County Attorney, 4430 S. Adams County Pkwy., Ste. C5000B, Brighton, CO 80601.

4. At all times material hereto, Defendant Adams County Sheriff's Office is a governmental entity whose current headquarters are 4430 S. Adams County Pkwy., 1 st Floor, Suite W5400, Brighton, CO 80601 and whose designated agent is Heidi Miller, County Attorney, 4430 S. Adams County Pkwy., Ste. C5000B, Brighton, CO 80601.

5. At all times material hereto Defendant Sheriff Richard Reigenborn has been the Adams County Sheriff. Defendant Sheriff Richard Reigenborn's principal office location is 4430 S. Adams County Pkwy., 1st Floor, Suite W5400, Brighton, CO 80601 and his designated agent is Heidi Miller, County Attorney, 4430 S. Adams County Pkwy., Ste. C5000B, Brighton, CO 80601.

6. Upon information and belief, at all times material hereto, Defendant Nichole Durante is an individual who resides in Adams County, Colorado. At all times relevant Defendant Nichole Durante has been employed as a deputy with Defendant Adams County Sheriff's Office.

7. Upon information and belief, at all times material hereto, Defendant Robert Hannah is an individual who resides in Adams County, Colorado. At all times relevant Defendant Robert Hannah has been employed as a deputy or Sergeant with Defendant Adams County Sheriff's Office.

8. Upon information and belief, at all times material hereto, Defendant Matthew Tran is an individual who resides in Adams County, Colorado. At all times relevant Defendant Nichole Durante has been employed as a deputy with Defendant Adams County Sheriff's Office.

9. Defendants Does 1-3, whose true identities are unknown to Plaintiff at the time of filing, are reserved for individual employees or agents of the named Defendants.

    a. Plaintiff is informed and believes that other employees or agents of the named Defendants, whose true identity is currently unknown to Plaintiff, participated in, or failed to intervene in, the detention, handcuffing, and/or transporting of Plaintiff. Such individuals will be named as Defendants as their identities become known.

    b.    Plaintiff is informed and believes that other employees or agents of the named Defendants, whose true identity is currently unknown to Plaintiff, were responsible for training, policymaking, and direction relevant to the handcuffing and transportation procedures used by the named Defendants. Such individuals will be named as Defendants as their identities become known.

## JURISDICTION AND VENUE

10. This Court has personal jurisdiction over the parties to this action pursuant without limitation to C.R.S. § 13-1-124.

11. This Court has subject matter jurisdiction for this action pursuant without limitation to Colo. Const. Art. VI Section 9.

12. The events which are the subject of the within action occurred in Adams County, Colorado. Accordingly, venue is proper in this Court pursuant to Rule 98 of the Colorado Rules of Civil Procedure.

13. Plaintiff has given timely and sufficient notice in accordance with C.R.S. § 24-10-109 and more than 90 days have elapsed since Plaintiff provided such notice and since such notice was received.

    a.    On or about October 7, 2021, a copy of Plaintiff's Notice of Claim pursuant to C.R.S. § 24-10-109 was received by the Adams County Attorney via Certified Mail, Return Receipt Requested.

    b.    On or about October 12, 2021, a copy of Plaintiff's Notice of Claim pursuant to C.R.S. § 24-10-109 was received by the Adams County Sheriff's Office via Certified Mail, Return Receipt Requested.

    c.    On or about October 12, 2021, an additional copy of Plaintiff's Notice of Claim pursuant to C.R.S. § 24-10-109 was mailed to the Adams County Board of Commissioners at 4430 South Adams County Parkway, Brighton, CO 80601 via Certified Mail, Return Receipt Requested.

14. The Notice of Claim Pursuant to C.R.S. § 24-10-109, which was mailed to all governmental or quasi-governmental entities, was sufficient such that all conditions precedent to the filing of the Complaint and amendments thereto had been timely performed and have occurred.

15. Defendants do not have immunity under the Colorado Governmental Immunity Act. See C.R.S. §24-10-101 et seq.

16. Sovereign immunity has been waived by Defendants pursuant to C.R.S. § 24-10-101 et seq., C.R.S. § 24-10-106, and Colorado law.

## **GENERAL ALLEGATIONS**

17.     On or about June 27, 2021, at approximately 1:00 a.m., at or near Plaintiff's residence, Plaintiff was detained, handcuffed, taken into custody, and subsequently transported by Defendants Matthew Tran, Nichole Durante, and/or Robert Hannah, and Defendants Doe (collectively referred to below as "Defendant Deputies", regardless of rank or title).

18.     At all times material hereto, Defendant Deputies were acting as employees or agents of Defendants Adams County, Adams County Board of Commissioners, Adams County Sheriff's Office, and Sheriff Richard Reigenborn (collectively "Defendants Adams County").

19.     At all times material hereto, Defendant Deputies acted at the direction and/or on behalf of Defendants Adams County.

20.     Defendant Deputies handcuffed Plaintiff at, and transported Plaintiff from, 6641 King Street, Denver Colorado 80221.

21.     Defendants subsequently handcuffed and transported Plaintiff again from a facility located in Adams County, and managed, operated, or controlled by Defendants Adams County.

22.     Prior to being handcuffed, Plaintiff reported prior shoulder injuries to Defendant Deputies.

23.     Prior to being handcuffed, Plaintiff notified Defendant Deputies of limited range of motion due to shoulder injuries.

24.     Prior to being handcuffed, Plaintiff reported recent shoulder surgery to Defendant Deputies.

25.     Prior to being handcuffed, Plaintiff notified Defendant Deputies that he was unable to place his hands behind his back.

26.     Prior to being handcuffed, Plaintiff notified Defendant Deputies that handcuffing him behind his back would injure his shoulder and would cause him pain.

27.     Prior to, and while handcuffing Plaintiff, Defendant Deputies were notified by witness Josette Casias that Plaintiff had a recent shoulder injury.

28.     Prior to, and while handcuffing Plaintiff, Defendant Deputies were notified by witness Josette Casias that handcuffing Plaintiff behind his back would injure his shoulder.

29.     At the date, location, and approximate time described herein, Defendant Deputies took witness Josette Casias into custody.

30.     At all times material hereto, Plaintiff was cooperative with Defendants.

31. At the date, location, and approximate time described herein, Defendant Deputies knowingly and carelessly handcuffed Plaintiff behind his back.

32. Later the same day and prior to releasing Plaintiff, Defendants again knowingly and carelessly handcuffed Plaintiff behind his back.

33. At the date, location, and approximate time described herein, Defendant Deputies knowingly detained Plaintiff in a vehicle while Plaintiff's hands were cuffed behind his back.

34. Later the same day and prior to releasing Plaintiff, Defendants again knowingly detained Plaintiff in a vehicle while Plaintiff's hands were cuffed behind his back.

35. At the date, location, and approximate time described herein, Defendant Deputies knowingly and carelessly transported Plaintiff with his hands cuffed behind his back.

36. Later the same day and prior to releasing Plaintiff, Defendants again knowingly and carelessly transported Plaintiff from a facility located in Adams County and managed and controlled by Defendants Adams County, with his hands cuffed behind his back.

37. At all times material hereto, alternative and less harmful restraint techniques were available to Defendants.

38. At all times material hereto, Defendants acted together, with shared knowledge and purpose, to restrain and transport Plaintiff in a manner that caused Plaintiff injury.

39. As a result of the events described above, Plaintiff sustained injuries, damages, and losses.

40. Plaintiff suffered injuries and damages, including, but not limited to:

   a. temporary and permanent total and partial disabilities to his body, and in particular, to his right shoulder;

   b. anxiety;

   c. emotional distress;

   d. past and future pain, suffering, inconvenience, and anguish;

   e. past and future physical impairment and disfigurement;

   f. past and future loss of time and enjoyment of life;

   g. past and future impairment to the quality of his life;

      h. past and future medical, hospital, rehabilitation, and drug expenses;

      i. past and future loss of employment benefits, income and income capacity; and

      j. such other and further damages as may be established from the evidence at trial.

41. Plaintiff was forty-two (42) years old (D.O.B. 1/20/1979) at the time of the events described above. Plaintiff is entitled to compensation for his injuries, damages, and losses for the remainder of his life.

42. Plaintiff submitted a Citizen's Complaint requesting resolution, and attended an in-person interview with, Defendant Adams County Sheriff's on July 13, 2021. No known action was taken by Defendants Adams County.

43. Plaintiff sent a written notice of claim to Defendants Adams County in October 2021. As of the date of filing, no response has been received.

## FIRST CLAIM FOR RELIEF
**(Negligence of Defendants Nichole Durante, Matthew Tran, Robert Hannah, and Defendants Doe (collectively "Defendant Deputies")).**

44. Plaintiff incorporates the above and below paragraphs by reference.

45. At all times material hereto, Defendant Deputies owed a duty to Plaintiff to exercise reasonable care in his physical apprehension and detention, including the choice, method, and duration of restraints.

46. At all times material hereto, Defendant Deputies owed a duty to Plaintiff to exercise reasonable care in maintaining Plaintiff's safety, health, and well-being.

47. Defendant Deputies breached the duty of reasonable care owed to Plaintiff by negligently utilizing restraint techniques and tools. Defendant Deputies negligently and unreasonably manipulated Plaintiff's body in a way that caused injuries, despite warnings.  Defendant Deputies negligently and unreasonably applied restraints in a way that caused injuries, despite warnings.

48. Defendant Deputies restrained Plaintiff for an unreasonable duration at the scene of the arrest while in a police vehicle, while at a detention center, and while transporting Plaintiff.

49. Defendant Deputies breached the duty of care owed to Plaintiff by negligently disregarding indications of pain and injury while applying handcuffs, and while continuing their investigation at or near 6641 King Street, Denver, CO 80221.

50. Defendant Deputies breached the duty of care owed to Plaintiff by negligently disregarding indications of pain and injury while transporting Plaintiff from 6641 King Street, Denver, CO 80221.

51. Defendant Deputies again breached the duty of care owed to Plaintiff by negligently disregarding indications of pain and injury while applying handcuffs at a facility located in Adams County and operated, managed or controlled by Defendants Adams County.

52. Defendant Deputies again breached the duty of care owed to Plaintiff by negligently disregarding indications of pain and injury while transporting Plaintiff from a facility located in Adams County and operated, managed or controlled by Defendants Adams County.

53. The negligence of Defendant Deputies was a direct, proximate, and foreseeable cause of Plaintiff's injuries.

   **WHEREFORE**, Plaintiff prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF
### C.R.S. § 13-21-131
### (Deprivation of Rights Against Defendants Nichole Durante, Matthew Tran, Robert Hannah, and Defendants Doe (collectively "Defendant Deputies")).

54. Plaintiff incorporates the above and below paragraphs by reference.

55. Plaintiff asserts a civil claim for damages pursuant to C.R.S. §13-21-131.

56. At all times material hereto Defendants Nichole Durante, Matthew Tran, Robert Hannah, Sheriff Richard Reigenborn, and Defendants Doe were Peace Officers acting under color of law and within the course and scope of their employment with Defendant Adams County Sheriff's Office.

57. At all times material hereto Plaintiff had a constitutionally protected right to be secure in his person against unreasonable seizures through the use of excessive force under Article II, Section 7 of the Colorado Constitution. It is clearly established that excessive force violates the Colorado Constitution's Bill of Rights.

58. At the times and locations set out herein, Defendants subjected Plaintiff to a deprivation of the individual right under the Colorado Constitution's Bill of Rights, to be free from unreasonable seizure through the use of excessive force.

59. In light of Plaintiff's recent shoulder surgery, and the fact the Defendant Deputies knew or should have known that handcuffing Plaintiff's hands behind his back would cause harm, proceeding to handcuff Plaintiff behind his back anyway constituted excessive force and a callous disregard of the multiple warnings communicated at the time. The subsequent disregard of indications of pain and injury after handcuffing also constituted excessive force. The subsequent handcuffing and transport later in the day constituted yet another occurrence of deliberate indifference to avoidable pain and injury, as well as another occurrence of excessive force.

60. Defendant Deputies restrained Plaintiff in an unreasonable manner and for an

unreasonable duration at the scene of the arrest while in a police vehicle, while at a detention center, and while transporting Plaintiff.

61. The damages and losses suffered by Plaintiff were a direct, proximate, and foreseeable result of a deprivation of rights in the form of excessive force.

    **WHEREFORE**, Plaintiff prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF
**(Violation of Constitutional Rights – 42. U.S.C. §1983 - Against Defendants Nichole Durante, Matthew Tran, Robert Hannah, and Defendants Doe (collectively "Defendant Deputies")).**

62. Plaintiff incorporates the above and below paragraphs by reference.

63. Plaintiff asserts a civil claim for damages pursuant to 42 U.S.C. § 1983.

64. At all times material hereto Defendants Nichole Durante, Matthew Tran, Robert Hannah, Sheriff Richard Reigenborn, and Defendants Doe were Peace Officers, acting under color of law and within the course and scope of their employment with Defendant Adams County Sheriff's Office.

65. Defendants subjected or caused to be subjected, including by failing to intervene, Plaintiff to violation of his rights under the Fourth Amendment, applied against the states pursuant to the Fourteenth Amendment, of the U.S. Constitution.

66. At all times material hereto Plaintiff had a clearly established and constitutionally protected right to be secure in his person against unreasonable seizures through the use of excessive force. It is clearly established that excessive force violates the Constitution.

67. At the times and locations set out herein, Defendants subjected Plaintiff to a deprivation of the individual right under the Constitution, to be free from unreasonable seizure through the use of excessive force.

68. In light of the totality of the circumstances, including Plaintiff's recent shoulder surgery, the Defendant Deputies' knowledge of the recent surgery, warnings by Plaintiffs and others at the scene that placing Plaintiff's hands behind his back would cause injury, and Plaintiff's cooperation and compliance, proceeding to handcuff Plaintiff behind his back constituted excessive force and a callous disregard of the multiple warnings communicated at the time. Leaving Plaintiff restrained in such a manner for an unreasonable duration constituted excessive force, as did repeating the restraint later that same day.

69. Defendant Deputies utilized unreasonable restraint techniques constituting excessive force.

70. Defendant Deputies restrained Plaintiff for an unreasonable duration at the scene of the

arrest while in a police vehicle, while at a detention center, and while transporting Plaintiff.

71. Pursuant to 42 U.S.C. §1988 the Court may award reasonable attorney fees and costs to a prevailing plaintiff.

72. The damages and losses suffered by Plaintiff were a direct, proximate, and foreseeable result of the violation of constitutional rights in the form of excessive force.

**WHEREFORE**, Plaintiff prays for relief as set forth below.

### FOURTH CLAIM FOR RELIEF
**(Negligence of Defendants Adams County Board of Commissioners, Adams County, Adams County Sheriff's Office, and Sheriff Richard Reigenborn (collectively "Defendants Adams County")).**

73. Plaintiff incorporates the above and below paragraphs by reference.

74. At all times material hereto, Defendants Adams County owed a duty to Plaintiff and to the public to create and enforce policies to prevent the use of excessive force by its employees and agents.

75. At all times material hereto, Defendants Adams County owed a duty to Plaintiff and to the public to train their employees and agents not to employ excessive force and not to cause unreasonable and avoidable harm in their efforts to restrain, detain, and transport citizens like Plaintiff.

76. Defendants Adams County breached the duty of reasonable care owed to Plaintiff by failing to create and enforce policies, culture and direction that would have protected Plaintiff from the application of excessive force during his arrest and subsequent transportations, and by failing to develop and enforce policies and direction which allow for alternative restraint techniques to accommodate cooperative, but vulnerable, citizens for whom behind-the-back handcuffing presents a risk of serious injury.

77. Defendants Adams County breached the duty of reasonable care owed to Plaintiff by failing to adequately train its employees and agents to utilize alternative restraint techniques for cooperative citizens for whom behind-the-back handcuffing presents a risk of serious injury.

78. Immunity is waived pursuant to C.R.S. § 24-10-106(1)(a) and (b).

79. Negligence by Defendant Adams County was a direct, proximate, and foreseeable cause of Plaintiff's damages and losses.

**WHEREFORE**, Plaintiff prays for relief as set forth below.

## FIFTH CLAIM FOR RELIEF
**(Vicarious Liability aka Respondeat Superior of Defendants Adams County Board of Commissioners, Adams County, Adams County Sheriff's Office, and Sheriff Richard Reigenborn (collectively "Defendants Adams County")).**

80.  Plaintiff incorporates the above and below paragraphs by reference.

81.  At all times material hereto, Defendant Deputies were employed by Defendants Adams County.

82.  At all times material hereto, Defendant Deputies acted within the course and scope of their employment for Defendants Adams County.

83.  At all times material hereto, Defendant Deputies acted under color of state or local law.

84.  At all times material hereto, Defendant Deputies acted as employees or agents of Defendants Adams County.

845  At all times material hereto, Defendant Deputies did not have immunity under Colorado law.

86.  At all times material hereto, acts or omissions by Defendant Deputies are the acts or omissions of Defendants Adams County.

87.  Defendants Adams County are legally responsible for the acts of Defendant Deputies.

WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests an Order of Judgment in his favor and against Defendant, to fully and adequately compensate him for his injuries, damages, and losses in an amount to be determined by the evidence at trial; pre- and post-judgment interest as allowed by Colorado law; attorney fees as allowed by law; case costs; expert witness fees; and such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) PERSONS ON ALL ISSUES SO TRIABLE**

DATED this 20th day of June 2022.

Respectfully submitted,

**READY LAW**

By: _____

10

Vernon L. Ready, #41153
Attorney for Plaintiff