**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-01847-SKC

GABRIEL ARMIJO;

    Plaintiff,

vs.

ADAMS COUNTY, a governmental entity;
SHERIFF RICHARD REIGENBORN, individually and in his official capacity;
NICHOLE DURANTE, individually and in her official capacity;
ROBERT HANNAH, individually and in his official capacity;
MATTHEW TRAN, individually and in his official capacity; and
DOES 1-3 (whose true names are unknow) individually and in their official capacities.

    Defendants.

___

**DEFENDANTS' PARTIAL MOTION TO DISMISS PURSUANT TO**
**FED. R. CIV. P. 12(b)(6)**
___

    Defendants, Adams County, Sheriff Richard Reigenborn, Nichole Durante, Robert Hannah, and Matthew Tran (hereinafter collectively referred to as "Adams County Defendants" or "Defendants") hereby move for an order dismissing certain claims in Plaintiff's First Amended Complaint (ECF 12). As grounds therefore, Defendants state as follows:

### I.  CERTIFICATION PURSUANT TO D.C.COLO.LCivR. 7.1

    D.C.COLO.L.CivR. 7.1(b)(2) provides an exception to the rule to confer for motions filed under Fed. R. Civ. P. 12. Accordingly, undersigned counsel has not conferred with counsel for Plaintiff concerning the relief requested herein.

## II.  INTRODUCTION

This case arises out of an incident that occurred on June 27, 2021 at Gabriel Armijo's (also referred to as "Plaintiff") residence.  In the early morning hours of June 27, 2021, Adams County Sheriff's Deputies were dispatched to 6641 King Street, Denver, CO  80221 in response to a call for service concerning a domestic dispute between Mr. Armijo and his girlfriend, Josette Casias. During this time, dispatch received information that a male, who was operating a red Ford, had crashed into a fence, hit another individual with the Ford, and subsequently crashed the Ford into a parked car.

Mr. Armijo alleges that his shoulder was injured by Adams County Sheriff's Office deputies when he was placed in their custody and handcuffed.[1]  Mr. Armijo's First Amended Complaint states that he reported prior shoulder injuries to the deputies, and that as a result of these pre-existing injuries, he was unable to place his hands behind his back. (ECF 12, First Am. Compl ¶18 & 21).  Mr. Armijo further alleges that witness Josette Casias also notified deputies of his injury and that handcuffing him behind his back would injure his shoulder . (*Id.* at ¶¶23 & 24). Mr. Amijo's Amended Complaint also alleges that Defendants failed to provide Plaintiff needed medical care for a serious injury." (*Id.* at ¶34).

As a result of these alleged injuries, Plaintiff has filed the instant lawsuit.  Plaintiff's First Amended Complaint is operative and contains claims that Adams County, Colorado, Sheriff Richard Reigenborn, and Deputies Durante, Hannah, and Tran violated his constitutional rights.

---

[1] Throughout Plaintiff's First Amended Complaint (ECF 12), Plaintiff never establishes the identity of the "Defendant Deput[y]" that placed him in handcuffs, but rather generally refers to the deputies collectively.

Claim one is brought against Deputies Durante, Hannah, and Tran and contains a state law deprivation of rights claim brought pursuant to Colo. Rev. Statute § 13-21-131.  Claim two is a § 1983 claim brought against Adams County, Colorado, Sheriff Richard Reigenborn, and Deputies Durante, Hannah, and Tran that alleges that Plaintiff was subjected to excessive force in violation of the Fourth Amendment, that the Defendants were deliberately indifferent to Plaintiff's serious medical need, and attempts to establish municipal liability for these actions.

For the reasons stated below, Adams County, Colorado is not an entity capable of being sued and even it if was, it bears no responsibility for Plaintiff's alleged injuries and is therefore entitled to dismissal from this action.  Sheriff Reigenborn had no personal involvement in the incident and is entitled to dismissal in his individual capacity.  Furthermore, the Defendants in their official capacities are also entitled to dismissal because Plaintiff has failed to adequately plead a municipal liability claim.

### III. LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain enough allegations of fact 'to state a claim for relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when its allegations, taken as true, allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court, however, need not accept conclusory allegations without supporting factual averments. *See Ruiz v. McDonell*, 299 F.3d 1173, 1181 (10th Cir. 2002). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quotations

omitted). Thus, mere formulaic recitations of the elements of a cause of action will not suffice to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Nor are courts "bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (*quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] complaint does not suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949.

## IV. ARGUMENT

### A. Adams County, Colorado is not an entity capable of being sued and must be dismissed.

In his Amended Complaint, Plaintiff purports to bring suit against "Adams County, Colorado." See e.g., Am. Compl., p. ¶ 2.  As a threshold matter, Colorado state statute prescribes the manner in which a county shall be sued.  Specifically, C.R.S. § 30-11-105 indicates that "[i]n all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be, 'The board of county commissioners of the county of ................'…"   C.R.S. § 30-11-105.  "This statutory provision provides the exclusive method by which jurisdiction over a county can be obtained… [a]n action attempted to be brought under any other designation is a nullity, and no valid judgment can enter in such a case."  *Calahan v. County of Jefferson*, 429 P.2d 301, 302 (Colo. 1967) citing *John Deere Plow Co. v. County of Phillips*, 48 P.2d 793 (Colo. 1935) and *Board of County Comm'rs. v. Churning*, 35 P. 918 (Colo. App. 1894).

However, even if Plaintiff had properly identified the County in their Amended Complaint, any such claims would fail because the Board of County Commissioners ("BOCC") has no statutory duty to hire, train, supervise, or discipline county sheriffs or deputies. In order for Plaintiff to succeed in a Section 1983 claim against the BOCC, the BOCC must have some supervisory authority over the Sheriff and his deputies. *See Barrientos-Sanabria v. Lake County*,

4

2012 U.S. Dist. LEXIS 65496, *6-7 (D. Colo. 2012) citing *Myers v. Koopman*, 2011 U.S. Dist. LEXIS 13655, 2011 WL 650328, at *11 (D. Colo. Feb. 11, 2011). No such authority exists here.

While pursuant to C.R.S. § 30-11-107, the BOCC has the duty and authority to provide funds for operations by the Sheriff's Office; the Colorado constitution is clear that the BOCC is a separate, distinct entity from the County Sheriff. *See* Colo. Const. art. XIV, §§ 6, 8; *Bristol v. Bd. of Cnty. Com'rs of Cnty. of Clear Creek*, 312 F.3d 1213, 1219 (10th Cir. 2002). "[O]nly a [S]heriff has the right to supervise and control the [S]heriff's deputies" under Colorado law. *Barrientos-Sanabria* at 6-7 citing *Myers* at *11 (internal citations omitted). Thus, "the BOCC does not have the legal authority to control or supervise the [S]heriff and the [S]heriff's deputies." *Id*. Likewise, it is only the County Sheriff, not the BOCC, who has the "right to supervise and control the "[S]heriff's deputies" under existing Colorado Law. *Myers v. Koopman,* No. 09-cv-02802-REB-MEH, 2011 WL 650328, *31-32 (D. Colo. Feb. 11, 2011); see also Colo. Rev. Stat. § 30-10-506. As such, the BOCC does not sets policy or issue guidelines about the operations of the Sheriff's Office other than merely providing monetary appropriations as the request of the duly elected Sheriff.[2]

In light of the factual allegations in the Amended Complaint, Sheriff Richard Reigenborn, in his official capacity is the only proper defendant to Plaintiff's claims relating to policies of the Sheriff's Office or conduct of individual sheriff's deputies, assuming such claims actually exist.

---

[2] The Board of County Commissioner's budgeting control is limited, and it does not result in making budget allocations that the responsible officials themselves do not request. *See Johnson v. Bd. of Cty. Commr's for Chafee Cty.*, 483 P.2d 1344, 1346-47 (Colo. 1971) (although the budget process is not a rubberstamp, the official proposes a budget which the board can only challenge based on an arbitrary and capricious standard).

Therefore, "Adams County, Colorado" must be dismissed from this suit with prejudice as it is not, and cannot be, legally responsible for any of the alleged conduct that comprises the subject matter of the Amended Complaint.

**B.     Sheriff Richard Reigenborn, in his individual capacity, is entitled to qualified immunity and must be dismissed.**

To make a claim for relief under §1983, Plaintiff must prove that "he was deprived of a right, privilege, or immunity secured by the federal constitution or federal laws by a person acting under color of state law." *Moody v. Ungerer*, 885 P.2d 200, 201 (Colo. 1994). A government defendant who acted under the color of state law and is accused of violating a plaintiff's federal rights may assert qualified immunity. *Id*. at 202. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is immunity from suit and is not simply a defense. *Mitchell v. Fortyth*, 472 U.S. 511, 526 (1985).

The doctrine of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments about open legal questions. When properly applied, it protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "To defeat the defendants' assertion of qualified immunity at the motion-to-dismiss stage, [the plaintiff] 'must allege sufficient facts that show – when taken as true – the defendant[s] plausibly violated h[is] constitutional rights, which were clearly established at the time of violation.'" *Sause v. Bauer*, 859 F.3d 1270, 1274 (10th Cir. 2017) (quoting *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012)).

Where a § 1983 defendant raises the defense of qualified immunity, the burden shifts to the plaintiff to show that the defendant violated a constitutional right that was clearly established at the time of the alleged unlawful activity. *Swanson v. Town of Mountain View, Colo.*, 577 F.3d 1196, 1199 (10th Cir. 2009) (citing *Pearson v. Callahan*, 555 U.S. 223, (2009)). Therefore, the qualified immunity analysis has two prongs: "(1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Pearson,* supra. (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)). In *Pearson*, the Supreme Court held that the court has discretion to determine 'which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.'" *Id.*

Defendant Sheriff Reigenborn is named in the Amended Complaint in his individual capacity. To the extent that Plaintiff's claims are asserted against Sheriff Reigenborn in his individual capacity, he is entitled to qualified immunity.

It is a tenet of Constitutional law that "[section] 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established."); *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.").

Sheriff Reigenborn did not personally participate in any alleged constitutional violation. The Amended Complaint is devoid of any mention of Sheriff Reigenborn being present on scene or having responded in any way to the call for service at Mr. Armijo's residence. Plaintiff alleges

7

that Deputies Durante, Hannah, and Tran were present on scene on June 27, 2021 but there is no mention or allegation that Sheriff Reigenborn had any personal participation in the events that took place that day.  See Am. Compl. ¶ 14.  Similarly, there are no allegations in the Complaint that Sheriff Reigenborn had any knowledge of this particular incident whatsoever. There are no allegations that Sheriff Reigenborn was called or consulted regarding the incident such that it could be inferred that Sheriff Reigenborn had actual involvement and therefore be held liable.  Further, Sheriff Reigenborn is entitled to qualified immunity as it is not clearly established that, by virtue of being sheriff and nothing more, a defendant can be liable for the acts of his officers. As such, Sheriff Reigenborn, in his individual capacity must be dismissed.

C.  **Plaintiff's Amended Complaint fails to state a claim for municipal liability such that the Defendants can be held liable in their official capacities.**

In his Amended Complaint, Plaintiff purports to bring suit against Sheriff Reigenborn and Deputies Durante, Hannah, and Tran in their official capacities.  "An action against a person in his official capacity is, in reality, an action against the government entity for whom the person works." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998). Here, Plaintiff cannot establish liability against the Defendants in their official capacities because he cannot prove that the conduct of the "Sheriff's Office" caused his alleged injuries.

In *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), the Supreme Court determined that a municipality can be found liable under 42 U.S.C. § 1983 only where the municipality itself causes the constitutional violation at issue.  "It is only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable under § 1983."  *City of Canton v. Harris*, 489 U.S. 378, 385 (U.S. 1989) (internal citations omitted), citing *Monell*, 436 U.S. at 694.  There must be a direct causal link between a municipal

8

policy or custom and the alleged constitutional deprivation. *Id.* A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013).

Even under a liberal reading of the Amended Complaint, Plaintiff fails to show that a Sheriff's Office policy caused the alleged injury. In fact, the Amended Complaint does not make any mention of a single Sheriff's Office policy, let alone whether that unnamed and unidentified policy was either followed or violated. Here, Plaintiff conclusorily states that Sheriff Reigenborn "established policies, procedures, and practices which amounted to deliberate indifference to the risk of constitutional deprivation and which constitute a proximate cause of the deprivations of rights described herein." See Am. Compl. ¶ 68. Plaintiff is required to identify a policy or custom that caused his injury and establish that there is a direct causal link between the injury and the unconstitutional policy. *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993).

Here, Plaintiff has not pointed to any policy, custom or practice of the Sheriff's Office that could be construed as unconstitutional and Plaintiff certainly has not shown any causal link between this unnamed and unidentified policy, and his alleged harm. Notably, the allegations presently at issue in this case are related to one specific incident. Plaintiff has not made any adequate allegation (beyond bare, conclusory statements) that would tend to demonstrate that a policy, practice, or custom existed, let alone how the policy, practice, or custom should be construed as unconstitutional. Instead, Plaintiff focuses on the particular actions of an unidentified deputy during a particular incident.

Even if the actions of the defendant deputies were unconstitutional (which they dispute), their actions cannot create liability for the Sheriff's Office as a local government agency. "Proof of a single instance of unconstitutional activity is insufficient to impose civil rights liability on the municipality under the *Monell* rule unless plaintiff can also prove the incident was caused by an existing unconstitutional policy." *Garcia v. Jefferson County, Colo.*, 687 F.Supp. 1498, 1500 (D. Colo. 1988) (referring to *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)). "Because [plaintiff] has not alleged facts bridging the individual violation to a broader municipal custom, no genuine issue of material fact sits in dispute because none has been raised on this claim." *Olsen v. Layton Hills Mall,* 312 F.3d 1304, 1319(10th Cir. 2002). Since there is no municipal liability in this case, the claims against the individuals in their official capacities should be dismissed.

In addition to Plaintiff's conclusory and unsupported allegations related to unconstitutional policies, procedures, and practices, Plaintiff also alleges a failure to train claim against Sheriff Reigenborn. Am. Compl. ¶ 69. However, this claim also fails entitling Defendants in their official capacities to dismissal.

The Supreme Court has recognized that a failure to train can, in some "limited circumstances" form the basis for municipal liability under section 1983; however, liability only attaches "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police came into contact." *City of Canton, Ohio v. Harris,* 489 U.S. 378, 387-388 (1989). Additionally, the Tenth Circuit has held that allegations of failure to supervise are held to this same standard. *Whitewater v. Goss,* 192 F. App'x 794, 797 (10th Cir. 2006) (gathering cases).

In order for Plaintiff to prevail on a claim for failure to train or supervise, "[i]t is not enough… for [him] to show that there were generally deficiencies in the county's training program" but instead, he "must identify a specific deficiency in the county's training program closely related to [his] ultimate injury. *Bates v. Bd. of Cty. Commissioners of Mayes Cty.,* 674 F. App'x 830, 833 (10th Cir. 2017) (internal quotation marks omitted) (quoting *Lopez v. LeMaster,* 172 F.3d 756, 760 (10th Cir. 1999). Additionally, Plaintiff must show that this identified deficiency "actually caused" his injury. *Id.*

In this case, Plaintiff has failed to do anything more than make one unsupported, conclusory allegation as to this claim. He has failed to identify a specific deficiency in Sheriff Reigenborn's supervision or training of his deputies and employees. Plaintiff makes only a fleeting reference to purported failures of supervision and training but does not describe what those failures are. He also fails to demonstrate the necessary causal link between these (unidentified and unsubstantiated) failures and any injury he purports to have sustained.

Simple stated, Plaintiff's Amended Complaint does not contain any allegations sufficient to support a claim for municipal liability entitling the Defendants in their official capacities to dismissal.

## V. CONCLUSION

For the foregoing reasons, the Adams County Defendants respectfully request this Court dismiss Plaintiff's claims against Adams County, Colorado in their entirety, with prejudice. Sheriff Reigenborn requests that any claims against him in his individual capacity be dismissed as he is entitled to qualified immunity. Finally, Defendants Reigenborn, Durante, Hannah, and Tran

request that this Court dismiss Plaintiff's claims against them in their official capacities and for any such further relief as this Court deems appropriate.

DATED:  August 19, 2022.

                              Respectfully submitted,

                              *s/ Kerri A. Booth*
                              Kerri A. Booth
                              Assistant County Attorney
                              4430 S. Adams County Pkwy
                              5th Floor, Suite C5000B
                              Brighton, CO  80601
                              Phone: (720) 523-6116
                              Fax: (720) 523-6114
                              kbooth@adcogov.org
                              *Counsel for Adams County Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2022, the foregoing was filed and served via CM-ECF on the following counsel of record:

Vernon L. Ready, Esq.
Ready Law
9200 East Mineral Avenue, Suite 100
Centennial, CO  80237
vready@ready-law.com

*s/ Kerri A. Booth*
Kerri A. Booth
Assistant County Attorney
4430 S. Adams County Pkwy
5th Floor, Suite C5000B
Brighton, CO  80601
Phone: (720) 523-6116
Fax: (720) 523-6114
kbooth@adcogov.org
*Counsel for Adams County Defendants*

13